UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| PALLAS GLOBAL/PMG DISTRESSED ASSET COMPANY, S.A. (PANAMA) | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. _____ |
| SKELLEY MEDICAL, LLC, WILLIAM R. SKELLEY, WILLIAM C. SKELLEY | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, Pallas Global/PMG Distressed Asset Company, S.A. (Panama) ("Pallas"), by and through its attorneys, Devine, Millimet & Branch, Professional Association, and complains against Defendants Skelley Medical, LLC ("Skelley Medical") William C. Skelley and William R. Skelley as follows:

PARTIES

1. Plaintiff, Pallas, is a Panamanian *sociedad anónima* (corporation) having its principal place of business at Torre Banco General # 2, Calle Aquilino De La Guardia, Panama City, Panama.

2. On information and belief, Defendant, Skelley Medical, is a New Hampshire limited liability corporation having a principal place of business at 17 Clinton Dr., Unit A-1, Hollis, NH 03049.

3. On information and belief, Defendant William R. Skelley is a principal of Skelley Medical and is a resident of the State of New Hampshire with an address at 17 Clinton Dr., Unit A-1, Hollis, NH 03049.

4. On information and belief, Defendant William C. Skelley is a resident of the State of New York with an address at 500 Seventh Avenue, 17th Floor, New York, New York 10018.

## NATURE OF THE ACTION

5. This is an action based on conversion, conspiracy to commit conversion, unjust enrichment, fraudulent misrepresentation, breach of fiduciary duty and theft of corporate opportunity committed by Skelley Medical and ex-managing agents of Plaintiff, William R. Skelley and William C. Skelley.

## JURISDICTION AND VENUE

6. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because more than $75,000 is at issue and the suit is between a resident of a foreign state, Panama, and residents of different U.S. states, New Hampshire and New York. Upon information and belief, the individual members of Skelley Medical are diverse from Plaintiff.

7. This Court has personal jurisdiction over Skelley Medical by virtue of, *inter alia*, its conduct of business in New Hampshire, its continuous and systematic contacts with New Hampshire, and acts of conversion and conspiracy committed and completed in this state.

8. This Court has personal jurisdiction over William R. Skelley by virtue of, *inter alia*, his residency and systematic contacts with New Hampshire, and acts of conversion, conspiracy, fraudulent misrepresentation, breach of fiduciary duty and theft of corporate opportunity committed and completed in this state.

9. This Court has personal jurisdiction over William C. Skelley by virtue of, *inter alia*, and acts of conversion, conspiracy, fraudulent misrepresentation, breach of fiduciary duty and theft of corporate opportunity completed in this state.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

11. Pallas is a Panamanian investor fund with William R. Skelley and William C. Skelley (father and son respectively) serving, at one time, as board members, amongst others.

12. As board members and managing agents, William R. Skelley and William C. Skelley were fiduciaries owing Pallas fiduciary duties.

13. William R. Skelley and William C. Skelley had proposed to the Pallas shareholders that Pallas invest funds in the purchase of homes in South Florida for rehabilitation and resale at a profit on short turnaround.

14. To that end, the Pallas shareholders agreed to set-up bank accounts at Banco General in Panama City, Panama whereby funds would be deposited for use by Pallas in purchasing homes in South Florida for rehabilitation and resale at a profit with William R. Skelley and William C. Skelley managing such venture (hereinafter the "Florida Venture").

15. Two accounts were opened at Banco General: an operations and a savings account having between them approximately $840,000 deposited in 2010 (hereinafter the "Banco General Accounts").

16. William C. Skelley was given co-signature authority over the Banco General Accounts and was permitted to make transfers on his signature alone. Further, he was entrusted by Pallas to use the funds in those accounts for the Florida Venture.

17. Upon information and belief, since William C. Skelley lived in the United States, his *modus operandi* in making transfers was to instruct a Panama-based individual with co-

- 3 -

signature authority over the Banco General Accounts to make requested transfers and pass those instructions along to Banco General in Panama.

18. William C. Skelley did not use the funds in the Banco General Accounts as permitted by the Pallas shareholders, to wit, the funds were not used for the purchase, rehabilitation and resale of homes. Instead, the funds were transferred on William C. Skelley's instruction to third parties for those third parties to purchase, rehabilitate and resell the homes on terms, costs and profit splits not disclosed to or approved by the Pallas board and shareholders.

19. Moreover, upon information and belief, William C. Skelley did instruct and authorize transfers from the Banco General Accounts to his father, William R. Skelley's company, Skelley Medical, for purposes completely unrelated to the Florida Venture, to wit:

    a. On November 2, 2010, $60,080.28 was transferred to Skelley Medical's account at Centrix Bank & Trust, Bedford, NH.

    b. On January 4, 2011, $50,066.90 was transferred to Skelley Medical's account at Centrix Bank & Trust, Bedford, NH.

    c. On January 11, 2011, $40,053.52 was transferred to Skelley Medical's account at Centrix Bank & Trust, Bedford, NH.

    d. On January 27, 2011, $25,042.80 was transferred to Skelley Medical's account at Centrix Bank & Trust, Bedford, NH.

    e. On February 8, 2011, $25,053.50 was transferred to Skelley Medical's account at Centrix Bank & Trust, Bedford, NH.

    f. On March 28, 2011, $54,104.35 was transferred to Skelley Medical's account at Bank of America, Corsicana, TX.

    g. On May 6, 2011, $101,635.81 was transferred to Skelley Medical's account at Centrix Bank & Trust, Bedford, NH.

20. The above, unlawful and unauthorized transfers (a)-(g) are those presently known and total ***$356,037.16.*** Skelley Medical's line of business has nothing to do with investment in

- 5 -

South Florida real estate.  As its website indicates, Skelley Medical is in the business of acquiring and maintaining medical equipment.  *See* www.skelleymedical.com.

21. William R. Skelley and William C. Skelley would report to the Pallas board and shareholders as to the on-goings and returns related to the Florida Venture but they would not disclose any of the transfers identified at paragraph 19 (a) - (g), *supra*, nor did they seek approval from a majority of disinterested board members for such transfers.  Such failure to disclose or seek approval occurred prior to the dates of the transfers and persisted until the transfers were detected and questioned by Pallas.

22. When the transfers identified at paragraph 19 (a) - (g) were detected and questioned by Pallas, William R. Skelley and William C. Skelley admitted that such funds were effectuated but attempted to characterize the transfers as short-term loans to Skelley Medical, which was an attempt to cover-up their theft of funds.

23. In furtherance of their cover-up, William R. Skelley and William C. Skelley did prepare a purported "Loan Agreement" (attached hereto as Exhibit "A"), signed by William C. Skelley on behalf of Pallas and William R. Skelley on behalf of Skelley Medical.

24. The Loan Agreement is made as-of May 6, 2011, that is, the same day as the last large transfer to Skelley Medical instructed and authorized by William C. Skelley.  The Loan Agreement states that it is for $355,901.05, with a monthly percentage rate of 1.5%, to be repaid in two months.  No part of the purported loan has been paid back.

25. The Loan Agreement is a sham and nullity.  It was never discussed or approved by a majority of disinterested Pallas board members or shareholders.  Instead, it was created by those involved in the theft of funds from Pallas in an attempt to explain why such large transfers were made to William R. Skelley's company, Skelley Medical.

- 5 -

26. Tellingly, the Loan Agreement does demonstrate that William R. Skelley and William C. Skelley recognize that at least $355,901.05 was transferred to Skelley Medical.

27. Over the course of 2012 and 2013, Pallas has demanded from William R. Skelley, William C. Skelley and Skelley Medical that they repay the stolen sums. Promises of payment have been made by William R. Skelley and William C. Skelley to no avail.

28. Demand letters through counsel were sent in the middle part of 2013 to William R. Skelley, William C. Skelley and Skelley Medical. William R. Skelley and Skelley Medical have not responded to the demands, thereby necessitating this suit. William C. Skelley has denied personal responsibility, claiming it is his father, William R. Skelley and Skelley Medical's duty to repay, believing that the fact he authorized the transfers to his father and later participated in the creation of the false, Loan Agreement document, do not make him individually liable to Pallas.

## **COUNT I – CONVERSION**

(AGAINST WILLIAM R. SKELLEY AND SKELLEY MEDICAL)

Plaintiff repeats and re-alleges against Defendants William R. Skelley and Skelley Medical each of the allegations of paragraphs 11 through 28 as if completely set forth herein and further alleges:

29. On the allegations aforesaid, Skelley Medical, owned and controlled by William R. Skelly, has intentionally exercised dominion and control over at least $356,037.16 of Pallas's funds wrongfully taken from the Banco General Accounts and deposited in accounts for Skelley Medical.

30. Such exercise of dominion or control so seriously interferes with the rights of Pallas that Skelley Medical and William R. Skelley may justly be required to pay its full value.

31. A thorough review of records in the possession of the Defendants and third parties may reveal the further misappropriation of funds by the Defendants and Plaintiff reserves the right to claim such funds once detected.

## COUNT II - CONSPIRACY TO COMMIT CONVERSION

(AGAINST WILLIAM R. SKELLEY, WILLIAM C. SKELLEY
AND SKELLEY MEDICAL)

Plaintiff repeats and re-alleges against Defendants William C. Skelley, William R. Skelley and Skelley Medical each of the allegations of paragraphs 11 through 28 as if completely set forth herein and further alleges:

32. On the allegations aforesaid, William R. Skelley, William C. Skelley and Skelley Medical did agree between them to inflict a wrong on Pallas, to wit, the misappropriation of at least $356,037.16 from the Banco General Accounts to be transferred to Skelley Medical's bank accounts.

33. On the allegations aforesaid, William R. Skelley, William C. Skelley and Skelley Medical did participate in overt acts in furtherance of the conspiracy that have damaged Pallas, to wit:

   a. William C. Skelley did direct and authorize the transfers listed at paragraph 19 to Skelley Medical with knowledge that such transfers were theft of funds;

   b. Skelley Medical did receive such funds and has not refunded any part to Pallas;

   c. Upon information and belief, William R. Skelley does own and control Skelley Medical and could direct Skelley Medical to refund the stolen funds to Pallas but has not done so;

   d. William R. Skelley, William C. Skelley and Skelley Medical did not disclose to Pallas the transfer of funds at paragraph 19 when such funds were made, or close in time thereabouts;

    e.    It was only upon Pallas's detection of missing funds that William R. Skelley, William C. Skelley and Skelley Medical prepared and executed a false Loan Agreement not authorized by a majority of disinterested Pallas shareholders or board members in an attempt to cover-up their theft of Pallas funds.

34.    A thorough review of records in the possession of the Defendants and third parties may reveal the further misappropriation of funds by the Defendants and Plaintiff reserves the right to claim such funds once detected.

## COUNT III – UNJUST ENRICHMENT

### (AGAINST SKELLEY MEDICAL)

Plaintiff repeats and re-alleges against Defendants William C. Skelley, William R. Skelley and Skelley Medical each of the allegations of paragraphs 11 through 28 as if completely set forth herein and further alleges:

35.    On the allegations aforesaid, Pallas has conferred a benefit of at least $356,037.16 on Skelley Medical and it would be unjust, inequitable and unconscionable for Skelley Medical to retain that benefit without restituting Pallas same.

36.    A thorough review of records in the possession of the Defendants and third parties may reveal the further misappropriation of funds by the Defendants and Plaintiff reserves the right to claim such funds once detected.

## COUNT IV – FRAUDULENT MISREPRESENTATION

### (AGAINST WILLIAM R. SKELLEY AND WILLIAM C. SKELLEY)

Plaintiff repeats and re-alleges against Defendants William C. Skelley and William R. Skelley each of the allegations of paragraphs 11 through 28 as if completely set forth herein and further alleges:

37.    Defendants William C. Skelley and William R. Skelley misrepresented material facts to Pallas, to wit:

      a.      William R. Skelley and William C. Skelley would report to the Pallas board and shareholders as to the on-goings and returns related to the Florida Venture but they would not disclose any of the transfers identified at paragraph 19 (a) - (g), *supra*, nor did they seek approval from a majority of disinterested board members for such transfers. Such failure to disclose or seek approval occurred prior to the dates of such transfers and persisted until such transfers were detected and questioned by Pallas.

      b.      Upon information and belief, William C. Skelley did not use the funds in the Banco General Accounts as permitted by the Pallas shareholders, to wit, the funds were not used for the purchase, rehabilitation and resale of homes. Instead, the funds were transferred on William C. Skelley's instruction to third parties for those third parties to purchase, rehabilitate and resell the homes on terms, costs and profit splits not disclosed or approved by the Pallas board and shareholders.

38. The misrepresentations identified at paragraph 37, *supra*, were made with fraudulent intent and Pallas relied on such representations to, for example, delay investigating the theft or misuse of funds, delay taking immediate measures to mitigate damages by removing William C. Skelley's signature authority over the Banco General Accounts, and delay taking legal measures to recover misappropriated sums.

39. Pallas, honestly believing the misrepresentations at paragraph 37, *supra*, justifiably, relied upon them.

40. As a result on Pallas's reliance upon the aforementioned representations it sustained damages.

41. In furtherance of their fraudulent misrepresentations, William R. Skelley and William C. Skelley did prepare a purported "Loan Agreement" (attached hereto as Exhibit "A"), signed by William C. Skelley on behalf of Pallas and William R. Skelley on behalf of Skelley Medical which was not approved by a majority of disinterested Pallas board members or shareholders and is therefore a nullity.

42. A thorough review of records in the possession of the Defendants and third parties may reveal the further misappropriation of funds by the Defendants and Plaintiff reserves the right to claim such funds once detected.

## **COUNT V - BREACH OF FIDUCIARY DUTY**

(AGAINST WILLIAM R. SKELLEY AND WILLIAM C. SKELLEY)

Plaintiff repeats and re-alleges against Defendants William C. Skelley and William R. Skelley each of the allegations of paragraphs 11 through 28 as if completely set forth herein and further alleges:

43. As members of the Pallas board of directors and managing agents, William R. Skelley and William C. Skelley had special confidence placed in them and therefore owed Pallas fiduciary duties.

44. As a signatory to the Banco General Accounts, William C. Skelley further owed Pallas the fiduciary duty to properly use the accounts for authorized business purposes and to not self-deal with the funds deposited in those accounts.

45. The confidence reposed by Pallas in William R. Skelley and William C. Skelley has been betrayed as follows:

   a. William C. Skelley did direct and authorize the transfers listed at paragraph 19 to Skelley Medical with knowledge that such transfers were theft of funds;

   b. Skelley Medical did receive such funds and has not refunded any part to Pallas;

   c. Upon information and belief, William R. Skelley does own and control Skelley Medical and could direct Skelley Medical to refund the stolen funds to Pallas but has not done so;

   d. William R. Skelley, William C. Skelley and Skelley Medical did not disclose to Pallas the transfer of funds at paragraph 19 when such funds were made, or close in time thereabouts;

    e.    It was only upon Pallas's detection of missing funds that William R. Skelley, William C. Skelley and Skelley Medical prepared and executed a false Loan Agreement not authorized by a majority of disinterested members of Pallas attempting to cover-up their theft of Pallas funds.

46.    A thorough review of records in the possession of the Defendants and third parties may reveal the further misappropriation of funds by the Defendants and Plaintiff reserves the right to claim such funds once detected.

## COUNT VI – THEFT OF CORPORATE OPPORTUNITY

(AGAINST WILLIAM R. SKELLEY AND WILLIAM C. SKELLEY)

Plaintiff repeats and re-alleges against Defendants William C. Skelley and William R. Skelley each of the allegations of paragraphs 11 through 28 as if completely set forth herein and further alleges:

47.    The funds transferred on William C. Skelley's instruction to third parties for those third parties to purchase, rehabilitate and resell the homes on terms, costs and profit splits, which were not disclosed to or approved by the Pallas board and shareholders, constituted a corporate opportunity for Plaintiff which Defendants William C. Skelley and William R. Skelley encountered in their corporate capacity.

48.    Plaintiff was financially able to exploit the opportunity.

49.    The opportunity was within Plaintiff's line of business and closely connected to Plaintiff's business and prospects, such that the opportunity should fairly be deemed to belong to the enterprise carried on by the Plaintiff.

50.    Plaintiff had an interest or expectancy in the opportunity.

51.    Defendants William C. Skelley and William R. Skelley wrongfully usurped, converted, diverted and/or stole the corporate opportunity for and to their own personal use.

52. By taking the opportunity for their own use, Defendants William C. Skelley and William R. Skelley placed themselves in a position inimicable to their duties.

53. Defendants William C. Skelley and William R. Skelley were required to cede the corporate opportunity Plaintiff.

54. As a direct and proximate result of the wrongfully usurped, converted, diverted and/or stolen corporate opportunity, Defendants William C. Skelley and William R. Skelley must disgorge any ill-gotten gains and/or are liable to Plaintiff for damages, including but not limited to any resulting profits or revenues.

55. As a direct and proximate result of the wrongfully usurped, converted, diverted and/or stolen corporate opportunity, Plaintiff is entitled to a constructive trust or other appropriate equitable remedy for any profits or revenues received by Defendants William C. Skelley and William R. Skelley through or as a result of the wrongfully usurped, converted, diverted and/or stolen corporate opportunity.

## COUNT VII – ACCOUNTING

(AGAINST WILLIAM R. SKELLEY, WILLIAM C. SKELLEY AND SKELLEY MEDICAL)

Plaintiff repeats and re-alleges against Defendants William C. Skelley, William R. Skelley and Skelley Medical each of the allegations of paragraphs 11 through 28 as if completely set forth herein and further alleges:

56. Upon information and belief, William C. Skelley did not use the funds in the Banco General Accounts as permitted by the Pallas shareholders, to wit, the funds were not used for the purchase, rehabilitation and resale of homes. Instead, the funds were transferred on William C. Skelley's instruction to third parties for those third parties to purchase, rehabilitate

and resell the homes on terms, costs and profit splits not disclosed or approved by the Pallas board and shareholders.

57. William C. Skelley, William R. Skelley and Skelley Medical have engaged in improper self-dealing by misappropriating Pallas funds as identified at paragraph 19 without seeking the approval of a majority of disinterested Pallas board members or shareholders.

58. Pallas requests that the Court order William C. Skelley, William C. Skelley and Skelley Medical to disclose and provide an accounting of the use of all funds from the Banco General Accounts, as well as all records necessary to trace the use of Banco General funds and identification of third parties who may need to provide further information or be added as defendants.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Pallas, respectfully requests the following relief:

a. A jury trial on all claims so triable;

b. The entry of judgment in its favor, and against Defendants William R. Skelley, William C. Skelley and Skelley Medical for at least $356,037.16 plus prejudgment interest;

c. An accounting in relation to the Defendants' records sufficient to trace the use of Pallas misappropriated funds and Defendants' sharing of same with third parties;

d. An award to Pallas of its costs and disbursements in this action, including its attorneys' fees; and

e. Such other relief as this Court deems just and proper.

PALLAS GLOBAL/PMG DISTRESSED ASSET
COMPANY, S.A. (PANAMA)
By and through its attorneys,

DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION

Dated: October 24, 2013     By: /s/ Daniel E. Will_____
                                              Daniel E. Will (No. 12176)
                                              Joshua M. Wyatt (No. 18603)
                                              111 Amherst Street
                                              Manchester, NH 03101
                                              (603) 669-1000

OF COUNSEL:
Craig P. Kalil
Carlos F. Osorio
Aballi Milne Kalil, P.A.
1 S.E. 3rd Avenue, Suite 2250
Miami, Florida 33131

Dated: October 24, 2013

J:\wdox\docs\clients\024386\100560\M2477262.DOC

- 14 -